IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KIMBERLY CHEVELLE FORD<br>d/b/a KCF Express Living Trust, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. SA-23-CV-1491-FB |
| CEO ROBERT S. KEANE d/b/a Vistaprint,<br>USA, Inc. d/b/a Vistaprint.Com.Inc. d/b/a<br>Cimpress USA, Inc. and John and Jane Does<br>1-15 all whose true names are unknown, | § § § § § | |
| Defendants. | § § | |

## ORDER CONCERNING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Before the Court are the Report and Recommendation of United States Magistrate Judge (docket #8) and Plaintiff's Motion and Order to Add Co-Defendant, Make Payment to Court, and Vacate Order of Dismissal (docket #13). The Court will construe Plaintiff's motion as her objections to the Report and Recommendation.

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of them. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989).

On the other hand, any Report or Recommendation to which there are objections requires *de novo* review by the Court. Such a review means that the Court will examine the entire record, and will make an independent assessment of the law. The Court need not, however, conduct a *de novo* review

when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

In the Report, United States Magistrate Judge Bemporad recommends to this Court that Plaintiff's Complaint be dismissed without prejudice because Plaintiff did not pay the filing fee or move to withdraw her motion for leave to proceed *in forma pauperis* (IFP). In support of his recommendation, Judge Bemporad explains:

> A plaintiff who wishes to proceed IFP must submit "an affidavit that includes a statement of all assets [she] possesses" and indicates "that the person is unable to pay [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). In this case, Plaintiff submitted an IFP application, but included no information as to her employment, assets, or liabilities. (Docket Entry 1.) Accordingly, the undersigned issued a Show Cause Order, requiring Plaintiff to either pay the full filing fee or submit the affidavit required by § 1915. (See Docket Entry 4, at 3.)
>
> In response, Plaintiff neither submitted the required affidavit nor paid the $402 filing and administrative fees. Instead, she submitted a motion to deposit $60,000,000 in funds with the Court in an interest-bearing account. (Docket Entry 5.) Plaintiff did not actually submit any such funds; rather, she submitted a document entitled "Conveyance in Certificated Security," which included her birth certificate and numerous nonsensical legal phrases. (*See id*.) In light of this purported "conveyance," Plaintiff subsequently filed a motion to remove her previously-filed IFP application. (Docket Entry 7.)
>
> The "conveyance" filed by Plaintiff is a frivolous document. In light of Plaintiff's failure to either submit a proper IFP application or pay the filing fee, contrary to the order of the Court, her complaint should be dismissed. *See Murillo,* 2022 WL 1506280, at *2; *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996) (court may "dismiss action *sua sponte* under 41(b) for failure to comply with court order").

Report & Recommendation, docket #8 at page 2.

In her objections, Plaintiff asks this Court to amend the style of the case to add Albert Darrell Bennett as a co-defendant, accept her filing fee in the amount of $402, and to vacate the order of dismissal signed on January 11, 2024. The Court finds Plaintiff's requests should be granted in part as follows.

In reviewing the record in this case, the Court finds Plaintiff did pay the entire $405 filing fee on January 31, 2024, and therefore the Court will accept the filing fee in this case as per Plaintiff's request and will deny as moot the Motion to Deposit Funds (docket #5) and the Motion to Remove the Waiver of Payment (docket #7).  The record also reflects that Judge Bemporad only **recommended** to this Court that Plaintiff's case be dismissed without prejudice and that her case has not been dismissed.  Therefore, Plaintiff's request and Motion to Vacate (docket #13) will be DENIED.  However, because Plaintiff has paid the entire filing fee, the Court will not accept the Recommendation to dismiss the case without prejudice such that the case will remain pending on this Court's docket.

Based on the foregoing and the record in this case which shows that Plaintiff has paid the filing fee in full, IT IS HEREBY ORDERED that Plaintiff's Motion to Deposit Funds (docket #5) and the Motion to Remove the Waiver of Payment (docket #7) are DENIED.  IT IS FURTHER ORDERED that the Recommendation to dismiss this case at this time will not be accepted and therefore, the Motion to Vacate (docket #13) is DENIED, and the case will remain pending on this Court's docket.

It is so ORDERED.

SIGNED this 7th day of August, 2024.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE